UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ELIZABETH M. MARTIN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 10-CV-2001 |
| **CARLE CLINIC ASSOCIATION,** | ) |
| **Defendant.** | ) |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#11) filed by Defendant, Carle Clinic Association. Following careful consideration of the arguments of the parties, Defendant's Motion to Dismiss (#11) is GRANTED.

BACKGROUND

On January 5, 2010, Plaintiff, Elizabeth M. Martin, submitted a pro se employment discrimination Complaint (#1) against Defendant. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis (#2) and a Motion for Appointment of Counsel (#3). On January 11, 2010, this court entered an Order (#5) which granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#2) and denied Plaintiff's Motion for Appointment of Counsel (#3). Plaintiff's Complaint (#1) was therefore considered filed by this court.

On March 4, 2010, Defendant filed a Motion to Dismiss and Incorporated Memorandum of Law (#11). Defendant noted that, in her pro se Complaint, Plaintiff alleged that she was hired in the spring or early summer of 2009 as a "night cottage counselor." Plaintiff alleged that one of the last steps she needed to take before starting training for the position was to take a drug test and then have a physical examination. Plaintiff alleged that she passed the drug test but failed the physical examination because her psychiatrist, Carle Clinic physician Timothy G. Roberts, M.D., would not verify her stability. Plaintiff alleged that, as a result of Dr. Roberts' failing to write her a "clearance

letter," she lost her job.

Defendant argued that Plaintiff failed to make allegations sufficient to support any type of employment discrimination claim. Defendant noted that Plaintiff's Complaint does not identify the employer who had hired her as a "night cottage counselor" and further noted that Defendant was not her "employer." Defendant also stated that Plaintiff, in her pro se Complaint, was repeatedly critical of Dr. Roberts' failure to provide her with a letter verifying her stability, and was also critical of Dr. Brown of "Carle Occupational Medicine" who refused to clear her for work. Defendant argued that these allegations could not be read to state a claim for unlawful discrimination and could only be interpreted as a state law claim, which must be dismissed for a variety of reasons, including this court's lack of jurisdiction over the claim.

On March 23, 2010, Plaintiff filed a lengthy pro se Dispute and Rebuttal to Motion to Dismiss (#14) with attached exhibits. Plaintiff did not dispute that Defendant was not the "employer" who had hired her. Plaintiff argued, however, that it is undisputed that Defendant employed Dr. Roberts and "[e]mployers can be held accountable for the actions of their employees." Plaintiff also argued, at length, that Dr. Roberts and Dr. Brown, and others, violated her rights as a patient and caused her to lose her counseling job with her employer, a direct care facility.[1]

## ANALYSIS

It is well settled that a claim of employment discrimination must be directed at the "employer" who took an adverse action based on a prohibited reason, such as race or sex under Title VII or disability under the Americans with Disabilities Act (ADA). See Robinson v. Sappington, 351 F.3d 317, 332 n.9 (7th Cir. 2003) ("[i]t is only the employee's employer who may be held liable

---

[1] One of the attachments to Plaintiff's Dispute and Rebuttal (#14) indicates that she had been hired by Cunningham Children's Home.

under Title VII"); E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1282 (7th Cir. 1995) (only the "employing entity" is liable under the ADA). Therefore, this court agrees with Defendant that Plaintiff cannot state a claim for employment discrimination against Defendant. Plaintiff's pro se Complaint and arguments show that Defendant is not her employer and was not the employer who hired her.

This court also agrees with Defendant that any claim Plaintiff may have against it for the actions of Dr. Roberts, Dr. Brown, and others is a state law claim. Plaintiff has not alleged any basis for federal jurisdiction other than employment discrimination, for which Defendant cannot be liable under the facts alleged by Plaintiff. This court agrees that this court does not have jurisdiction over any potential state law claim because, according to the addresses listed on the Complaint, both Plaintiff and Defendant are citizens of Illinois.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss (#11) is GRANTED.

(2) Plaintiff's pro se Complaint (#1) is dismissed without prejudice.

(3) This case is terminated.

ENTERED this 24th day of March, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE